# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00662-CV

**The City of Austin d/b/a Austin Energy; and Larry Weis, General Manager, Austin Energy, Appellants**

**v.**

**MET Center NYCTEX, Phase II, Ltd., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-GN-10-004269, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, the City of Austin d/b/a Austin Energy, and Larry Weis, General Manager, Austin Energy (jointly the City) challenge the trial court's denial of their plea to the jurisdiction based on governmental immunity. MET Center NYCTEX, Phase II, Ltd. (MET Center) sued the City for breach of contract and declaratory relief regarding the parties' rights and obligations under the parties' contract and certain city ordinances. Because we conclude that the City has no immunity from this suit, we affirm the trial court's denial of the City's plea to the jurisdiction.

## BACKGROUND

MET Center, a commercial developer initiating a project targeting high technology electric utility service users, and the City of Austin d/b/a Austin Energy (the City) entered into an

agreement whereby MET Center constructed a specialized conduit system known as an "underground duct bank system" to carry high levels of electric service required by technology-based users on Austin Energy's electric distribution lines.[1] MET Center constructed the duct bank to the City's specifications, and the City inspected and "accepted" it. Disputes subsequently arose over the use of the duct bank, and MET Center sued the City alleging breach of contract, seeking declaratory relief, and asserting ultra vires claims against the manager of Austin Energy. The City filed a plea to the jurisdiction asserting that (1) it is immune from Met Center's breach of contract claim because section 271.152 of the Local Government Code, which provides a limited waiver of immunity for certain contracts the City enters into, does not apply to the contract in this case, and (2) Met Center's claims for declaratory relief are merely an attempt to circumvent the City's immunity to the breach of contract claims. *See* Tex. Loc. Gov't Code § 271.152; Tex. Civ. Prac. & Rem. Code § 37.004. The trial court denied the City's plea to the jurisdiction, and this appeal followed.

**DISCUSSION**

On appeal the City argues that it is immune from MET Center's breach of contract claim because section 271.152 of the Local Government Code does not apply so as to provide a limited waiver of immunity, that MET Center's claims for declaratory relief are an attempt to circumvent the City's immunity, and that MET Center failed to assert a proper ultra vires claim

---

[1] The facts and procedural background of this case are well known to the parties, and we therefore will not recite them in great detail in this opinion. *See* Tex. R. App. P. 47.1 (appellate court opinions should be as "brief as practicable"), 47.4 (memorandum opinions should be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it").

2

against Austin Energy's manager. However, because we conclude that the City has no governmental immunity from MET Center's claims, we do not reach the City's issues.

Austin Energy is the name under which the City provides electric utility services to its customers. It is well settled that with respect to tort claims, the operation and maintenance of a municipal utility is a proprietary function, for which the municipality enjoys no governmental immunity.[2] *See* Tex. Civ. Prac. & Rem. Code § 101.0215(b)(1) (listing operation and maintenance of municipal utility as proprietary function); *Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006) (municipality not immune from suits for torts committed in performance of proprietary functions); *San Antonio Indep. Sch. Dist. v. City of San Antonio*, 550 S.W.2d 262, 264 (Tex. 1976) (operation of public utility is proprietary function under common law). Recently, this Court held that (1) under the common law, the proprietary-governmental dichotomy also applies to contract claims and (2) Local Government Code section 271.152 did not abrogate the common law's treatment of that dichotomy. *See City of Georgetown v. Lower Colo. River Auth.*, 413 S.W.3d 803, 810–11, 814 (Tex. App.—Austin 2013, pet. filed); *see also City of Seguin* v. *Lower Colo. River Auth.*, No. 03-13-00165-CV, 2014 Tex. App. LEXIS 401, at *3–4 (Tex. App.—Austin Jan. 15, 2014, no pet. h.) (mem. op.) (explaining holding of *City of Georgetown* and following its reasoning in related case).

---

[2] A proprietary function is one a municipality performs in its discretion for the benefit of its inhabitants, as opposed to a governmental function, which is enjoined on a municipality by the state to be exercised in the interest of the general public. *See* Tex. Civ. Prac. & Rem. Code § 101.0215(a), (b); *City of Georgetown v. Lower Colo. River Auth.*, 413 S.W.3d 803, 808–09 (Tex. App.—Austin 2013, pet. filed) (discussing history and rationale of proprietary-governmental dichotomy).

In *City of Georgetown*, the Lower Colorado River Authority (LCRA) sued the city for declaratory relief concerning the parties' rights and obligations under a contract for the city's purchase of electricity from the LCRA for resale to the city's retail customers through its municipal utility. *See* 413 S.W.3d at 805–06. This Court concluded that the city was acting in its proprietary capacity when it entered into its contract with the LCRA and therefore had no immunity from the suit. *Id.* at 814 (citing Tex. Civ. Prac. & Rem. Code § 101.0215(b)(1) and *Tooke*, 197 S.W.3d at 344 (applying section 101.0215's classification of municipal function in contract case)). Similarly, in this case, we conclude that the City was acting in its proprietary capacity when it agreed with MET Center to "collaborate about an underground duct bank system available for Austin Energy's electric distribution lines." *See* Tex. Civ. Prac. & Rem. Code § 101.0215(b)(1); *City of Georgetown*, 413 S.W.3d at 805–06. Consequently, the City has no governmental immunity from MET Center's claims, and the trial court did not err in denying the City's plea to the jurisdiction. *See City of Georgetown*, 413 S.W.3d at 814; *City of Seguin*, 2014 Tex. App. LEXIS 401, at *4.

## CONCLUSION

We affirm the trial court's denial of the City of Austin's plea to the jurisdiction.[3]

---

[3] MET Center has filed a motion for temporary order pursuant to Texas Rule of Appellate Procedure 29.3, and the City has filed a motion to strike MET Center's motion for temporary orders and an agreed motion for leave to file its amended motion to strike MET's Center's motion for temporary orders, all of which are pending before this Court. These motions are dismissed as moot.

_____
Melissa Goodwin, Justice

Before Justices Puryear, Henson, and Goodwin
   Justice Henson not participating

Affirmed

Filed:   February 6, 2014